

CJ-18-1542
Ogden



IN THE DISTRICT COURT BY AND FOR OKLAHOMA COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| CATHERINE BAILEY-MORGAN, individually and as personal representative to the ESTATE OF DONNA LORRAINE BAILEY, deceased,<br><br>Plaintiff,<br><br>v.<br><br>KINDRED HOSPITALS EAST, d/b/a KINDRED HOSPITAL OKLAHOMA CITY-SOUTH, a Foreign Limited Liability Company; and KINDRED HEALTHCARE, INC., a Foreign Corporation,<br><br>Defendant. | FILED IN DISTRICT COURT<br>OKLAHOMA COUNTY<br><br>MAR 20 2018<br><br>RICK WARREN<br>COURT CLERK<br>Case No. CJ-2018-00_____<br><br>CJ-2018-1542 |

## PETITION

**COMES NOW**, the Plaintiff, Catherine Bailey-Morgan, individually and as Personal Representative to the Estate of Donna Lorraine Bailey, Deceased, by and through her attorney, Richard C. Lerblance, and for her causes of action over and against Defendant alleges and states as follows:

### PARTIES AND JURISDICTION

1. Plaintiff, Catherine Bailey-Morgan, is a resident of Pittsburg County, State of Oklahoma. She is the surviving daughter of the Decedent and Personal Representative of the Estate of Donna Lorraine Bailey, Deceased.

2. The Estate of Donna Lorraine Bailey, Deceased is a Probate action, Case No. PB-2016-29, filed in Pontotoc County, State of Oklahoma.

3. Defendant, Kindred Hospitals East, LLC, d/b/a Kindred Hospital Oklahoma City-South is and was at the time in question, a Foreign Limited Liability Company, having registered itself in the State of Delaware, and that operates a care facility in Oklahoma City, Oklahoma County, State of Oklahoma. Suit is brought against said company in its assumed or common name.

1

4. Defendant, Kindred Healthcare, Inc. is and was at the time in question, a Foreign Corporation, having registered itself in the State of Kentucky, and that operates a care facility in Oklahoma City, Oklahoma County, State of Oklahoma. Suit is brought against said company in its assumed or common name.

5. This Court has jurisdiction over the subject matter described herein and of the parties.

6. Venue is proper in Oklahoma County, Oklahoma, pursuant to 12 O.S. §139.

7. At all relevant times herein, Defendants, Kindred Hospital East, LLC, d/b/a Kindred Hospital Oklahoma City-South and Kindred Healthcare, Inc., acted by and through their officers, agents, servants, representatives, and/or employees who were under the control of said Defendants and acting within the scope of their agency and employment relationship with said Defendants.

8. At all relevant times herein, Defendants, Kindred Hospital East, LLC, d/b/a Kindred Hospital Oklahoma City-South and Kindred Healthcare, Inc., had the right and non-delegable duty to supervise and control the manner and method of job performance by the staff, physicians, physician assistants, nurses, CNAs, therapists, administrators and all other agents and/or employees for hire, contract or otherwise at said facility.

9. At all relevant times herein, Defendants, Kindred Hospital East, LLC, d/b/a Kindred Hospital Oklahoma City-South and Kindred Healthcare, Inc., acting by and through its agents and employees, and whose employees were acting in a supervisory capacity, are legally responsible for the negligence and failure to adhere to the requisite standard of care, by those agents and/or employees acting under their direction and/or supervision.

## FACTS COMMON TO ALL CAUSES OF ACTION

10. On or about the 16th of January, 2016, Plaintiff's mother, Donna Lorraine Bailey, was admitted into Defendants' facility and thereby placed under its care and control.

11. Plaintiff's mother, Donna Lorraine Bailey, was a patient in Defendant's facility from the 16th of January until the 2nd of February, 2016, wherein as a consequence of the wrongful conduct complained of herein, she departed this life.

12. Based upon the assurances given by the Defendants, through its agents and employees, Ms. Bailey's sole heir, Plaintiff, Catherine Bailey-Morgan was satisfied that Defendants' facility had the qualified staff and equipment to meet Ms. Bailey's specific and individualized needs.

13. While Donna Lorraine Bailey was under the care of the Defendants, she developed severe infection resulting in sepsis, secondary to Toxic Epidermal Necrolysis (TENS) and her condition continued to worsen and ultimately deteriorated to the point of her untimely and painful death on the 21st of March, 2016.

14. Plaintiff alleges that Defendants and its agents, servants and employees were willful, reckless, and negligent in the medical diagnosis, care, and treatment administered to Ms. Bailey and in the fulfillment of administrative and supervisory duties, which conduct was the direct and proximate cause of Donna Lorraine Bailey's severe bodily injury that resulted in death on the 21st day of March, 2016.

15. Prior to her death, Ms. Bailey suffered great pain and anguish.

16. By reason of Donna Lorraine Bailey's injuries and death, her estate incurred medical and burial expenses.

## CAUSES OF ACTION

All allegations previously set forth are re-alleged and incorporated herein by reference.

17. That all staff, physicians, physician assistants, nurses, CNAs, therapists, administrators and all others, who were all acting within the course and scope of their apparent, implied and/or actual employment for the Defendants, Kindred Hospital East, LLC, d/b/a Kindred Hospital Oklahoma City-South and Kindred Healthcare, Inc., owed a duty to Donna Lorraine Bailey to use appropriate care when rendering treatment to her.

18. That all staff, physicians, physician assistants, nurses, CNAs, therapists, administrators and all others, who were all acting within the course and scope of their apparent, implied and/or actual employment for the Defendants, Kindred Hospital East, LLC, d/b/a Kindred Hospital Oklahoma City-South and

Kindred Healthcare, Inc., failed to exercise reasonable care and diligence in the application of their knowledge and skill in the care of Ms. Bailey, failed to use their best judgment in their assessment and care of Ms. Bailey, and failed to provide medical treatment and care in accordance with the standard of practice of those with similar training and experience in the same or similar communities at the time by being negligent, grossly negligent, and/or willful, wanton, reckless and careless in the following particulars:

(a) Failing to provide Ms. Bailey a term of admission into their facility, free of mental and physical neglect;

(b) Failing to adequately monitor Ms. Bailey during the course of her stay at Defendant's facility;

(c) Failing to respond to Ms. Bailey's needs in a timely manner during the course of her stay at Defendant's facility;

(d) Failing to select and retain a staff that was adequately qualified and trained to provide proper care for the patients of said facility, including Ms. Bailey; and failing to properly supervise and train the staff in the treatment and care of those suffering from the injuries of which Ms. Bailey suffered;

(e) Failing to adequately supervise its staff who were on duty during Ms. Bailey's admission and who had a duty to monitor and provide her reasonable assistance, care, and supervision;

(f) Failing to prepare, maintain and periodically adjust and appropriate individual plan of care for Ms. Bailey and required daily assessment on a regular basis;

(g) Failing to implement, initiate and execute procedures necessary to avoid the development of infection, sepsis, Toxic Epidermal Necrolysis (TENS), and administrating proper medications and/or the necessary treatment and procedures to heal the same;

(h) Such other specific and general acts of negligence or other inappropriate failures to comply with federal and state rules and regulations which give rise to the actions or inactions of the Defendant herein;

19. On the 21st of March, 2016, Donna Lorraine Bailey died as a result of the negligence of the Defendant.

20. As a result of the negligence of the Defendants heretofore alleged, Donna Lorraine Bailey suffered bodily injury, incurred medical expenses, suffered physical and mental pain and emotional distress, suffered disfigurement, physical impairments, untimely death, and was otherwise damaged in an amount in excess of $75,000.00, for which damages are claimed by the Plaintiff.

21. As a result of the negligence of the Defendants heretofore alleged, the child of Donna Lorraine Bailey, Plaintiff Catherine Bailey-Morgan, has suffered grief; loss of companionship; and, destruction of the parent/child relationship, together with medical, funeral, and burial expenses, all in an amount in excess of $75,000.00, for which damages are claimed by the Plaintiff, Catherine Bailey-Morgan, individually and as Personal Representative of the Estate of Donna Lorraine Bailey.

**WHEREFORE**, premises considered, Plaintiff respectfully prays for judgment against the Defendants, Kindred Hospital East, LLC, d/b/a Kindred Hospital Oklahoma City-South and Kindred Healthcare, Inc., for an amount in excess of $75,000.00 for actual and punitive damages, together with any other such further relief as is deemed just and reasonable including, but not limited to, reasonable attorney fees and costs.

Respectfully submitted,

_____
RICHARD C. LERBLANCE, OBA # 5385
Counsel for Plaintiff
1008 Pennsylvania Avenue
P.O. Box 1011
Hartshorne, OK 74547
Telephone: (918) 297-2501
Facsimile: (918) 297-2941
lerblancelaw@gmail.com

**JURY TRIAL DEMANDED**

**ATTORNEY LIEN CLAIMED**

_____
TONY W. EDWARDS, OBA # 2649
EDWARDS & PATTERSON
Counsel for Plaintiff
P.O. Box 1066
McAlester, OK 74501
Telephone: (918) 302-3700
facsimile: (918) 302-3701
tedwards@edwardspattersonlaw.com

## VERIFICATION

STATE OF OKLAHOMA       )
                        ) ss:
COUNTY OF PITTSBURG     )

I, the undersigned, being of lawful age, hereby state upon oath:

That I have read the above and foregoing *Petition* and that the facts and information contained therein are true and correct to the best of my knowledge and belief.

_____
CATHERINE BAILEY-MORGAN
Petitioner

SUBSCRIBED AND SWORN to before me this 9th day of March, 2018.

_____
NOTARY PUBLIC

Commission No.: 12004466
Commission Exp.: 05/07/2020

